UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __25-mj-05011-Hunt_____

UNITED STATES OF AMERICA

v.

DIOSDADO CALDERON LAGO et al.,

Defendants.

_____/

FILED BY ____R.P.B.____ D.C.
Apr 14, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KW

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:     /s/TANNER P. STIEHL_____
Tanner P. Stiehl
Special Assistant United States Attorney
FL Bar No. 1031487
99 N.E. 4th Street
Miami, FL 33132
Tel. No. (786) 360-9752
Fax No. (305) 536-4676
E-mail: Tanner.Stiehl@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| DIOSDADO CALDERON LAGO, et al., ) | Case No. 25-mj-05011-Hunt |
| ) ) ) ) | |
| *Defendant(s)* | |

FILED BY **R.P.B.** D.C.
**Apr 14, 2025**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KW

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **April 11, 2025** in the county of **Monroe** in the **Southern** District of **Florida and elsewhere**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(A)(iv) | Encouraging or Inducing an Alien to Enter the United States (DIOSDADO CALDERON LAGO) |
| Title 8, United States Code, Section 1326(a) | Reentry of Removed Aliens (JUAN ARIAS ARIAS) |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*
Special Agent Crystal Becker, HSI
*Printed name and title*

Sworn to before me telephonically.

Date: 4/14/2025

*Judge's signature*

City and state: Fort Lauderdale, Florida  Hon. Patrick Hunt, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Crystal Becker, being first duly sworn, do hereby depose and state the following:

**INTRODUCTION**

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in Key Largo, Florida, and have been so employed since July 2019. As an HSI special agent, I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a United States Border Patrol Agent from 2015 through 2019. I have completed the Criminal Investigator Training Program, HSI Special Agent Training Program, and the Border Patrol Agent Basic Training Program at Federal Law Enforcement Training Centers in Glynco, GA and Artesia, NM. These academies consisted of comprehensive training in multiple disciplines including proper investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act.

2. The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of aliens who are unlawfully present in the United States, and upon facts and information from agents and interviews. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. I submit this affidavit in support of a criminal complaint charging Juan ARIAS ARIAS (hereinafter "ARIAS") with re-entry of removed alien, in violation of Title 8, United States Code, Section 1326(a); and charging Diosdado CALDERON LAGO (hereinafter "CALDERON") with encouraging and inducing aliens to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

**PROBABLE CAUSE**

4. On or about April 11, 2025, HSI Key Largo Agents received information of a possible human smuggling venture involving a vessel coming from the Bahamas to the Key Largo area. At approximately 12:00 p.m., a U.S. Customs and Border Protection ("CBP") Air and Marine Operations ("AMO") aircraft ("LAW ENFORCEMENT AIRCRAFT") spotted a vessel (hereinafter the "SUSPECT VESSEL") approximately 40 nautical miles east-northeast of Key Largo, FL making its way from the area of Gun Cay, Bahamas heading towards Key Largo, Florida. The LAW ENFORCEMENT AIRCRAFT was able to see three (3) individuals onboard with no visible fishing gear. The LAW ENFORCEMENT AIRCRAFT continued to monitor the location of the SUSPECT VESSEL, as it made its way into U.S. territorial waters, until it was intercepted by an AMO Marine unit ("LAW ENFORCEMENT VESSEL").

5. The LAW ENFORCEMENT VESSEL observed the SUSPECT VESSEL on radar as it continued heading westbound. The LAW ENFORCEMENT VESSEL moved into position to intercept the SUSPECT VESSEL.

6. As the LAW ENFORCEMENT VESSEL approached the SUSPECT VESSEL, law enforcement was able to see one (1) operator behind the helm wearing a gray long-sleeved shirt, a camouflage hat, and black sunglasses (later identified as CALDERON) and two (2) other individuals onboard the SUSPECT VESSEL. The LAW ENFORCEMENT VESSEL intercepted

the SUSPECT VESSEL approximately 10 miles east of Key Largo, Florida. The LAW ENFORCEMENT VESSEL activated its law enforcement lights to get the operator of the SUSPECT VESSEL's attention. The operator complied with law enforcement's instructions and surrendered. Law enforcement conducted a registration check of the SUSPECT VESSEL's registration number, FL6550MH, and found that the SUSPECT VESSEL was registered to CALDERON.

7. Agents discovered a total of three (3) individuals onboard the SUSPECT VESSEL. One (1) of the individuals, CALDERON, was later determined to be a Citizen of Cuba and a United States Legal Permanent Resident. The other two (2) individuals had no documents that would allow them to legally enter the United States. The other two individuals were ARIAS and J.C.R.

8. An initial review of the SUSPECT VESSEL's onboard global positioning system showed that the route the SUSPECT VESSEL took that day. It showed the SUSPECT VESSEL left the Miami area earlier that morning, went to a small island near Gun Cay, Bahamas and was heading towards Key Largo, Florida, when it was interdicted by law enforcement. There is no designated port of entry in the vicinity of Key Largo.

9. CALDERON, ARIAS and J.C.R. were transferred to the custody of the United States Coast Guard ("USCG") Cutter RICHARD ETHERIDGE for biometric checks and identification purposes. Law enforcement confirmed that neither ARIAS or J.C.R. had documentation or pending applications that would allow them to lawfully enter the United States. After law enforcement checks were performed, it was revealed that ARIAS had a prior removal from the United States.

10. ARIAS is a Dominican citizen with no legal status in the United States. On or about June 22, 2024, ARIAS was ordered removed by an Immigration Judge. He was removed from

United States through Miami, FL to the Dominican Republic on or about August 20, 2024. Additionally, on or about December 12, 2022, ARIAS was convicted of trafficking cocaine, in violation of Massachusetts Penal Law Section C94C S32E(B).

11.     After reviewing immigration records for ARIAS, I have determined that he did not have the consent of the Attorney General of the United States or his/her successor, the Secretary of Homeland Security to apply for readmission to the United States.

12.     On or about April 13, 2025, USCG brought CALDERON and ARIAS ashore at the USCG station in Islamorada, Florida, where they were transported to the HSI RAC Key West office for processing. In a post-*Miranda* interview, CALDERON told agents that he was paid $3000 per person to go pick up ARIAS and J.C.R. approximately 30 miles off the coast of Florida. CALDERON stated he met a second vessel in open water, picked up the two aliens, and proceeded back toward the United Staes prior to being interdicted by law enforcement.

*[Intentionally Left Blank]*

**CONCLUSION**

13. Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe that Juan ARIAS ARIAS attempted to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a); and that Diosdado CALDERON LAGO encouraged and induced aliens to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**.

_____
Crystal Becker
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 14th_day of April 2025.

_____
Honorable Patrick Hunt
United States Magistrate Judge
Southern District of Florida

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-mj-05011-Hunt

### BOND RECOMMENDATION

DEFENDANT: DIOSDADO CALDERON LAGO

Pre-Trial Detention is recommended
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
SAUSA: Tanner P. Stiehl

Last Known Address: 15211 SW 297th Street

Homestead, FL

33033

What Facility: Stock Island Jail

Key West, FL

Agent(s): S/A Crystal Becker, HSI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
Cell: (786) 376-2341

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-mj-05011-Hunt

### BOND RECOMMENDATION

DEFENDANT: Juan Arias Arias

Pre-Trial Detention is recommended
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
SAUSA: Tanner P. Stiehl

Last Known Address: Dominican Republic

What Facility: Stock Island Jail

Key West, FL

Agent(s): S/A Crystal Becker, HSI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
Cell: (786) 376-2341